GARCÍA, APPELLANT, *v.* THE REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Bargain and Sale.

No. 242.—Decided January 27, 1916.

PROPERTY OF MINOR—RATIFICATION OF SALE—JURISDICTION.—A complaint was filed in a municipal court praying that a minor be ordered to execute a deed of sale to a real property sold by his father who died without receiving the purchase price, which amounted to only one hundred dollars. *Held:* That in view of the subject-matter involved the municipal court had no jurisdiction of the action.

ID.—JURISPRUDENCE—MINOR DEFENDANTS—JURISDICTION.—In this appeal the scope of the jurisprudence in the case of *Flores* v. *The Registrar of Guayama,* 19 P. R. R. 967, was held to refer to a case in which a court of competent jurisdiction renders judgment against minor defendants.

ID.—JURISDICTION.—Among the duties of district courts is that of the supervision of the person and property of minors.

The facts are stated in the opinion.
*Mr. C. Domínguez Rubio* for the appellant.

The respondent registrar appeared *pro se.*

Mr. JUSTICE DEL TORO delivered the opinion of the court.

On July 1, 1915, Antolina Santiago y Soto, in her own behalf and in representation of her minor son Eleuterio Fretó Santiago, executed before Notary Francisco Navarro Ortiz, in Cayey, deed of bargain and sale No. 114 in favor of Gabriel García Rivera, and upon its presentation in the Registry of Property of Guayama the registrar refused to admit the same to record for the reasons stated in the following decision:

"Admission to record of this document is denied because as it involves the sale of real property in which a minor has an interest, according to the law in force the District Court of Guayama and not the Municipal Court of Cayey has jurisdiction by reason of the subject-matter of the contract to order the execution of the instrument in favor of Gabriel García Rivera, and the authorization of the said district court is necessary. A cautionary notice is entered for the legal period, etc."

Not being satisfied with the above decision, Gabriel García Rivera took the present appeal and in support of his contention cites the decision of this court in the case of *Flores* v. *The Registrar of Guayama,* 19 P. R. R. 967. The registrar filed a brief in support of his decision.

From the document submitted to our consideration it appears that Gabriel García y Rivera filed a complaint in the Municipal Court of Cayey against Antolina Santiago and her son, Eleuterio Fretó, to enforce the execution of a deed, setting forth that Jaime Fretó y Méndez was the owner of a joint interest in a certain house situated in Cayey and sold the same to the plaintiff for the sum of $100, but that he did not execute a deed of sale or receive the purchase price because he was taken sick and died some time later. On these facts the plaintiff prayed the court to adjudge that the defendants, who were the sole heirs of Jaime Fretó, should receive the purchase price and execute the corresponding deed so that he might record his title in the registry of prop-

erty. Defendant Antolina Santiago, in her own right and as the representative of her minor son, made a proposition to the plaintiff to settle the matter by admitting the facts alleged in the complaint and allowing judgment to be entered against her without costs. The municipal court rendered judgment accordingly and Antolina Santiago, in her said dual capacity, executed the said deed.

In these circumstances we are of the opinion that the registrar of property acted in accordance with law in refusing to record the instrument, for an analysis of the facts forces us to the conclusion that they involve the sale of real property which belongs in part to a minor, or, at least, the ratification by a minor of a sale of realty made by his deceased father before his death, without authorization of the proper district court. In the case of *Avilés v. The Registrar of Aguadilla,* 17 P. R. R. 925, this court established the following doctrine:

"In the foregoing case, upon the death of A his minor children were declared to be his heirs and the deed was executed by the widow without obtaining judicial authorization therefor. The registrar refused to admit the instrument to record upon this ground also and the court held that the registrar was right as to this point, because the act performed involved the sale or the ratification of the sale of real property by minors, and judicial authorization was absolutely necessary in accordance with the law in force at the time the instrument was executed." (Syllabus.)

The case of *Flores v. The Registrar of Property of Guayama, supra,* cited by the appellant, is a case of the sale of realty belonging to minors in execution of a judgment rendered against the said minors. The registrar refused to record the deed of sale on the ground that as the property was recorded in the name of the minors "only the mother, after due authorization by the district court, is empowered to sell the aforesaid property." In that case this court laid down the following doctrine:

"The sale of property belonging to minors made by a marshal at public auction in compliance with a writ of execution of a judgment rendered against the said minors is valid and therefore recordable in the registry." (Syllabus.)

While it is true that the Flores case was a case of a judgment rendered by a municipal court, it is also true that the refusal of the registrar to record the deed was not based on that particular fact, nor was it considered by this court in the opinion on which it based its decision of the appeal.

We have considered anew the facts in the Flores case for the purpose of determining the scope of the jurisprudence it establishes, and in order that it may not be given such an extensive construction as to prejudice the interests of minors and defeat the legislative intent, we will state clearly that the said jurisprudence refers to cases in which a court of competent jurisdiction over the subject-matter renders judgment against minor defendants.

As we have said, the case of García Rivera now under consideration involves the ratification of a sale of realty said to have been made before his death by the father of the minor defendant. Consequently, the lack of jurisdiction on the part of the municipal court is manifest. The district courts have jurisdiction in such cases inasmuch as the Legislature decided that one of their duties should be the supervision of the persons and property of minors.

The decision appealed from should be

*Affirmed.*

Justices Wolf and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey dissented.

### DISSENTING OPINION OF CHIEF JUSTICE HERNÁNDEZ AND JUSTICE ALDREY.

We cannot concur in the decision rendered to-day in the above-entitled case affirming the decision of the Registrar of Property of Guayama.

A majority of the justices of this court base their said

decision on the ground that the facts of the case force the conclusion that it involves the sale of real estate belonging, in part, to a minor or, at least, the ratification by a minor of a sale of real estate made by said minor's father during his lifetime, without the authorization of the proper district court. They conclude, consequently, that the Municipal Court of Cayey had no jurisdiction of the case and that the district court was the court having jurisdiction.

We shall base our discussion on the facts as stated in the opinion of the court.

The Municipal Court of Cayey had jurisdiction of the action brought by Gabriel García Rivera against Antolina Santiago individually and as representative of her minor son, Eleuterio Fretó, to secure the execution of a deed to a joint interest in real estate sold to the plaintiff by Jaime Fretó y Méndez, predecessor in interest of the defendants, without executing the corresponding public instrument, because section 4 of the Act of March 10, 1904, reorganizing the judiciary system of Porto Rico provides that besides having jurisdiction of all matters formerly coming under the jurisdiction of justices of the peace and municipal judges, the municipal judges created by that act should have jurisdiction of all civil cases brought in their districts in which the amount involved is not more than $500 including interest. It is not necessary that the claim should be for a specific amount of money, but it is sufficient that the subject-matter be capable of being assessed in money. *Ferraioli* v. *Registrar of Property,* 21 P. R. R. 477; *Sabathié et al.* v. *Registrar of Ponce, ante* p. 302.

The said jurisdiction is not concurrent with that of the district courts but is exclusive, as we have held in the cases of *Lowande* v. *García et al.,* 12 P. R. R. 290; *Bras* v. *Rivera,* 12 P. R. R. 374; *González* v. *Pirazzi,* 16 P. R. R. 7; *Hernández Mena* v. *Blanco et al.,* 22 P. R. R. 719; and *González* v. *Rosado, ante* p. 1. It is also original and under no cir-

cumstances are the municipal judges required to resort to the district courts to complete it.

The act does not make the exception that in civil cases brought against minors and involving the sale or alienation of real property belonging to them such cases must be brought in the district courts although the amount involved is less than $500. *Ubi lex non distinguit, nec nos distinguere debemus.*

If the reasoning supporting the decision rendered be accepted, it logically follows that if an action for less than $500 is brought against minors and judgment is rendered against them, the jurisdiction of the municipal court would cease if the execution of the judgment involved the levying upon and sale of real property belonging to the said minors. The jurisdiction of the municipal courts would not be complete in actions of debt against minors when the execution of the judgment involved the alienation of real property or a real right, and this is contrary to the general rule of procedure that judges or courts having jurisdiction of actions have also jurisdiction of the execution of the judgments rendered by them therein.

Section 4 of the said Act of March 10, 1904, was not repealed or modified on that point by Act No. 33 of March 9, 1911, for as we said in the case of *Flores v. The Registrar of Property*, 19 P. R. R. 967, in determining what formalities are necessary in the sale of property belonging to minors, this act refers to sales voluntarily made by the representatives of the minors and not to sales ordered by the courts in the execution of judgments against minors.

It is evident that the doctrine laid down in the case of *Flores v. The Registrar of Property, supra,* is applicable only when a court of competent jurisdiction over the subject-matter renders judgment against minor defendants and as the Municipal Court of Cayey had, as stated, full jurisdiction over the subject-matter in this action by reason of the amount involved, it is obvious that its judgment was valid

as was also the deed executed in accordance therewith which the registrar refused to admit to record.

Our decision in the case of *Avilés* v. *The Registrar of Property*, 17 P. R. R. 925, does not assist the decision from which we dissent. That was a case of a sale or ratification of a sale of real property made voluntarily by the representative of a minor without any judicial authorization.

Neither the respondent registrar nor the majority of this court has raised the question of whether this case involves a compromise affecting real property belonging to a minor, therefore we abstain from considering whether there can be deemed to have been an actual compromise as defined by section 1711 of the Civil Code, and if so, whether the authorization of the court was necessary in accordance with subsection 2 of section 1712 of the said code. The majority of the court bases its decision upon the sole ground that the subject-matter of the action brought by García Rivera was the ratification of a sale of real property and therefore that the district court, and not the municipal court, had jurisdiction.

For the foregoing reasons we are of the opinion that the decision appealed from should have been reversed.

On March 10, 1916, a motion for reconsideration was overruled.